MERRITT, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s opinion. I agree that the attendance policy is not a matter of public concern. I also agree that the petition does not become protected simply because it was union-related or because Golembiewski submitted it to the State Employment Relations Board. However, Golembiewski alleges not only that she was fired for her petition, but also that she was fired for her campaign in a union election. My colleagues do not believe that Golembiew-ski presented the issue to the district court and therefore decline to address it. I concede that the complaint did not clearly articulate this theory, but Golem-biewski expressly stated it in her papers on summary judgment. She argued that her
right to associate with union members as a candidate for union office was thwarted by political enemies in the [union] local ..., who had ready access to allies in the Human Resources Department (the Defendants). They readily piled onto a union “outsider” who advocated more democratic control of the [union’s] collective bargaining relations with management, rescission of the new University attendance policy, and provision of union representation to members facing discipline.
In other words, Golembiewski claimed retaliation for the overall content of her campaign, not only for the petition. That the district court failed to squarely address this argument should not prevent us from doing so. Even the more so when, as here, the defendants do not claim waiver but instead engage the theory in their brief. Appellee’s Br. at 33-39.
If the merits of this appeal were fully decided, I would remand for trial. The materials presented to the district court show that Golembiewski based her campaign for office on the idea that the union and management had become too conciliatory, a problem of which the attendance policy was merely a symptom. Golem-biewski’s theory of union-management relations may or may not be meritorious, but her allegations were undoubtedly of public concern. One need only read a newspaper to know that union independence is currently a topic of hot debate, particularly in Golembiewski’s neck of the woods. More *479 over, I do not believe that the plaintiffs campaigning was so detrimental to workplace tranquility as to justify the defendants’ actions against her. See Pickering v. Bd. of Educ., 391 U.S. 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). And I think there is evidence that would permit a jury to find the defendants punished Golem-biewski because of her campaign. If it is not enough that she was banned from campus a mere eight days before the union election, the record suggests that the severity of the discipline and the doggedness with which the defendants pursued it was disproportionate to the gravity of the stated charges.
Of course, the Constitution provides no right to be free from pettiness and abuse in the government workplace. But where that abuse is motivated by exercise of First Amendment rights, a remedy is required. Because Golembiewski’s union campaign was protected and a jury could find that it motivated the defendants’ adverse actions against her, I would reverse the district court’s order and remand for trial.